IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES N. MONTGOMERY,            )
#236822,                        )
                                )
        Plaintiff,              )
                                )
        v.                      )          2:08-CV-893-MHT
                                )
SCOTT J. HOOPER, *et al.*,      )
                                )
        Defendant.              )

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 6, 2008, Plaintiff filed a document styled "Civil Action Complaint." (Doc. #1).  On December 2, 2008, this matter was referred to the undersigned Magistrate Judge for disposition or a recommendation on all pretrial matters.  (Doc. #2).  On January 14, 2009, the Court granted Plaintiff's Motion to Amend (Doc. #9) his complaint.  Plaintiff filed his Amended Complaint on January 22, 2009.  (Doc. #11).  The Court has granted Plaintiff *in forma pauperis* status and now undertakes review of his complaint, as amended, pursuant to 28 U.S.C. § 1915(e).  For all the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Complaint, as amended, be DISMISSED.

## I.      BACKGROUND

Plaintiff's Complaint appears chiefly concerned with the legal representation he received in a state court civil matter with which he was involved.  Plaintiff, who is serving a life sentence in Alabama's Department of Corrections, avers that he was the driver of a

concrete truck that was involved in an automobile crash which resulted in the death of his passenger, Mark Lee.  Complaint (Doc. #1) at 3.  Plaintiff alleges that the wreck was the result of numerous problems with the truck, and that all such problems were known, or should have been known, by Plaintiff's former employer, "Concrete Incorporate."  *Id.* at 4.

Plaintiff alleges that, while incarcerated, attorneys representing Mr. Lee's family and estate visited with him and "probe[d] the plaintiff for information as to what happened and caused the accident," and tried "to get the plaintiff to sign an erroneous or fraudulent affidavit without legal advise [sic], in support of [the] Mark Lee lawsuit."  *Id.* at 5, 6.  Because Plaintiff refused to cooperate without his own attorney, he alleges that Mark Lee's attorneys later returned with a "hand-picked" attorney, Defendant Scott John Hooper, who represented to Plaintiff that he would serve as Plaintiff's attorney for purposes of the state civil matter, to include the prosecution of any counter or cross claims Plaintiff may have against Lee or the other defendants in that case.  *Id.* at 6.  Plaintiff next alleges that, over a year later, all attorneys returned to the prison to depose him and, prior to the deposition, they "coached" him on how to respond to questions during the deposition.  *Id.*  Plaintiff claims that was the last time that he had any contact with Defendant and that he has subsequently filed disciplinary charges against Defendant with the Alabama State Bar.  *Id.* at 7.

## II.    CAUSES OF ACTION

Plaintiff has alleged a number of claims against Defendant.[1]  Most of these claims

---

[1]    Specifically, in his first complaint, Plaintiff set forth the following "cause[s] of action": 1) that Defendant had "no honest intention . . . to represent plaintiff;" 2) that Defendant

appear based on allegations of malpractice and misrepresentation centered on state law (and professional/ethical) principles.  The federal jurisdictional hook asserted by Plaintiff is his claim, pursuant to 42 U.S.C. § 1985, that Defendant "conspired" to defraud Plaintiff and otherwise deprive him of the benefit of his civil claims, and that such conspiracy was "racially motivated."  However, this claim is presented only in the original complaint and thus appears to have been abandoned by Plaintiff when he filed his amended complaint.

## III.  DISCUSSION

### A.  This matter is subject to dismissal because, in amending his complaint, Plaintiff has abandoned his only arguable federal cause of action, thus depriving the Court of subject matter jurisdiction.

As stated above, in his original complaint Plaintiff presented numerous allegations about a conspiracy by Defendant and others to deprive Plaintiff of any rights or remedies to which he was entitled pursuant to the state court suit with which he was involved.  Indeed, Plaintiff explicitly invoked 42 U.S.C. § 1985 as providing this Court with jurisdiction.  *See* Complaint (Doc. #1) at 2.  However, when Plaintiff subsequently filed his Motion to Amend his complaint (Doc. #9), Plaintiff specifically averred that he could not present a claim

---

"establish[ed] a conspiracy to defraud Plaintiff;" 3) that Defendant "did knowingly with malice joined [sic] with others from the very beginning to racially discriminate against the plaintiff;" 4) that Defendant did "conspire with other attorneys and parties unknown to the Plaintiff, to frustrate and sabotage the Plaintiff's cause of action;" 5) that Defendant "act[ed contrary to his duty owed to his client;" and 6) that Defendant committed perjury in his letter of reply sent to the Alabama State Bar." In Plaintiff's amended complaint, he submitted numerous "state law claims," including various allegations of "false representation," "misrepresentation," and failure to disclose certain facts, and breach of Defendant's duty to "properly raise claims or objection," "argue on behalf of Plaintiff," and "safeguard the inerest [sic] of the Plaintiff."

pursuant to the Federal Tort Claims Act, the Sixth Amendment, or 42 U.S.C. §§ 1985 and 1986. Motion (Doc. #9) at 2. Nevertheless, the Court granted Plaintiff's Motion to Amend so that he could "present state law claims in addition to his federal claims." Order (Doc. #10) at 1. When Plaintiff filed his amended complaint, he omitted any citation to federal law or the Constitution and excluded his previous conspiracy allegations, although he maintained that the Court could exercise "Supplement Jurisdiction, formally known as Pending Jurisdiction over the Plaintiff [sic] state tort claims."

It is well settled that when a plaintiff voluntarily amends a complaint to remove federal claims, leaving only state law claims, a federal court is divested of its subject matter jurisdiction. *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243-44 (11th Cir. 2007). *See also Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 299 Fed. App'x 943, 944 (11th Cir. 2008).[2] This is so because, generally, "'[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando*, 501 F.3d at 1243 (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Where an amended complaint lacks the "federal" allegations of the original, "the original complaint [is] superceded and there [is] no longer a federal

---

[2]     It is immaterial, for purposes of this analysis, that Plaintiff was acting pro se when he amended his complaint. In *Riley v. Fairbanks Capital Corp.*, 222 Fed. App'x 897, 898-99 (11th Cir. 2007), the Eleventh Circuit held that a district court lacked subject matter jurisdiction over a pro se plaintiff's amended complaint after the plaintiff omitted previously alleged federal claims from her amended petition.

claim on which the district court could exercise supplemental jurisdiction for the remaining state law claims." *Id.  See also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007) ("Thus, when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.").

Because Plaintiff voluntarily amended his complaint and removed all of the purportedly "federal" allegations of the original, this Court is deprived of subject-matter jurisdiction over the complaint and it is due to be dismissed.

> **B.    Alternatively, if the Court exercises subject matter jurisdiction over the complaint, it is still subject to dismissal because Plaintiff's federal allegations fail to state a claim pursuant to 42 U.S.C. 1985 and the Court should not exercise jurisdiction over Plaintiff's state law claims.**

Should the Court construe the amended complaint as more of a supplement to the original,[3] this matter should still be dismissed because Plaintiff's federal allegations in the original complaint fail to state a claim for which relief can be granted.  Plaintiff's allegation of a civil conspiracy, pursuant to 42 U.S.C. § 1985, reads as follows:

> Defendant Scott J. Hooper, did knowingly with malice joined [sic] with others[4] from the very beginning to racially discriminate against the Plaintiff, who is a black inmate, to frustrate and deprive the Plaintiff of his rightful entitlement in said law suit, such as was offered and accepted by Plaintiff Jacquelyn Lee (Mark Lee's wife) on a date unknown by the Plaintiff and as a direct result of said racially motivated conspiracy, Plaintiff suffered an illegal deprivation of

---

[3]    Such a construction appears contrary to Plaintiff's intent as evinced by his Motion to Amend, which is discussed more fully *supra*.

[4]    In his amended complaint, Plaintiff identifies two of these "other" individuals as "Attorney/INvestigator [sic] Herman Cobb and Attorney Richard Crum . . . ."  Amended Complaint (Doc. #11) at 2.

monetary funds he was entitle[d] to, for which Plaintiff now Seeks [sic]just relief for.

Complaint (Doc. #1) at 10.  In spirit and substance, Plaintiff repeats this general allegation in other portions of the complaint.  *See, e.g.*, *id.* at 14.  For the reasons that follow, this allegation does not sufficiently state a claim pursuant to 42 U.S.C. § 1985.

Forty-two U.S.C. § 1985(3) provides a cause of action for a private conspiracy to deprive a "person or class of persons" of certain constitutional guarantees.  "The elements of a cause of action under § 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) any act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *Trawinski v. United Technologies*, 313 F.3d 1295, 1299 (11th Cir. 2002) (quoting *Childree v. UAP/GA AG CHEM, Inc.,* 92 F.3d 1140, 1146-47 (11th Cir. 1996).  Section 1985(3), however, does not apply "to all tortious, conspiratorial interferences with the rights of others."  *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).  The "rights" protected from private encroachment by § 1985(3) are extremely narrow,[5] and do not include the right to effective, or even ethical, representation  by a

---

[5]     The Supreme Court has stated that § 1985(3) "applies only to such conspiracies as are 'aimed at interfering with rights . . . protected against private, as well as official, encroachment.' There are few such rights (we have hitherto recognized only the Thirteenth Amendment right to be free from involuntary servitude, and, in the same Thirteenth Amendment context, the right of interstate travel . . . .)."  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993) (internal citations omitted) (holding that the right to obtain an abortion is not protected from private encroachment by § 1985(3)).

retained civil attorney in a state court tort matter.  Thus, Plaintiff has failed to state a claim due to his failure to allege a conspiracy whose object was to deprive him of one of the narrow classes of rights protected from private encroachment by § 1985(3).  *See Trawinski*, 313 F.3d at 1299.[6]  Accordingly, Plaintiff's § 1985(3) claim is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Because the only claim which arguably invokes this Court's jurisdiction is subject to summary dismissal, the Court declines to exercise supplemental jurisdiction over any of the purported state law claims alleged in Plaintiff's complaint, as amended.  28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

It is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's complaint, as amended, be dismissed and judgment entered in favor of Defendants.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before April 22, 2009**.  Any objections filed must specifically

---

[6]      Another fatal deficiency in Plaintiff's § 1985(3) claim is that "as long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy."  *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003) (applying the limitation in context of a § 1985(2) claim).  The primary allegations supporting Plaintiff's theory of a conspiracy involving Defendant and others are that the Defendant, *inter alia*, "failed to file the necessary legal action," "assured the Plaintiff [] that there would be a settlement," "concealed a material fact [dismissal of a cross-claim with prejudice]," and breached various duties and obligations flowing from his attorney-client relationship with Plaintiff.  All of these allegations fault Defendant for conduct committed within the scope of his representation of his client and are, therefore, insufficient to invoke § 1985 liability for Defendant.

identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. It is further

ORDERED that the stay entered by the Court on February 26, 2009, (Doc. #15) is LIFTED to permit Plaintiff's submission of Objections to this Recommendation in compliance with the terms set forth herein.

DONE this 9th day of April, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE